EXHIBIT A

## Case Information

| | | |
|---|---|---|
| **Local Case Number:** | **State Case Number:** | **Case Style:** |
| 2026-001013-CA-01 | 132026CA00101301GE01 | KADEEM IRISH vs GRNA HK OF FL LLC |
| **Filing Date:** | **Judicial Section:** | **Case Status:** |
| 01/18/2026 | CA11 - Downtown Miami - Judge Eig, Spencer | OPEN |
| **Case Type:** | **Consolidated Case No.:** | |
| Discrimination - Employment or Other | | |

## Related Cases

No data available

## Hearing Details

No data available

## Parties

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | IRISH, KADEEM | | |
| Defendant | GRNA HK OF FL LLC | | |
| Defendant AKA | GORDON RAMSAY HELL'S KITCKEN | | |

## Dockets

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 10 | 03/19/2026 | | Order Setting CM Deadline | Event | |
| 9 | 03/10/2026 | | Motion for Extension of Time | Event | |
| 8 | 02/11/2026 | | Receipt: | Event | Receipt#:3110047 Amt Paid:$10.00 Comment: Allocation Code Quantity Unit Amount 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:eFilings Tender Amt:$10.00 Receipt Date:02/11/2026 Register#:311 Cashier:EFilingUser EFiling #:241305221 |
| 7 | 02/10/2026 | | Electronic Summons Email Notification Sent | Event | Andrew james schertzer |
| | 02/10/2026 | | 20 Day Summons Issued | Service | |
| 6 | 02/10/2026 | | ESummons 20 Day Issued | Event | Re: Index # 5. |
| 5 | 02/09/2026 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 4 | 01/21/2026 | | Receipt: | Event | Receipt#:3160166 Amt Paid:$401.00 Comment: Allocation Code Quantity Unit Amount 3100-Circuit Filing Fee 1 $401.00 $401.00 Tender Type:eFilings Tender Amt:$401.00 |

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | | | | | Receipt Date:01/21/2026 Register#:316 Cashier:EFilingUser EFiling #:239762051 |
| 2 | 01/18/2026 | | Complaint | Event | |
| 1 | 01/18/2026 | | Civil Cover Sheet - Claim Amount | Event | |

Case 1:26-cv-21868-KMM   Document 1-2   Entered on FLSD Docket 03/20/2026   Page 2 of 64

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | | | | | Receipt Date:01/21/2026 Register#:316 Cashier:EFilingUser EFiling #:239762051 |
| 2 | 01/18/2026 | | Complaint | Event | |
| 1 | 01/18/2026 | | Civil Cover Sheet - Claim Amount | Event | |

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>KADEEM IRISH</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>GRNA HK OF FL LLC</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☒ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.   TYPE OF CASE

(If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  3

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Andrew james schertzer</u>        Fla. Bar # <u>1044359</u>
          Attorney or party                 (Bar # if attorney)

<u>Andrew james schertzer</u>         <u>01/18/2026</u>
  (type or print name)           Date

- 3 -

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

Filing # 239762051 E-Filed 01/18/2026 09:42:47 AM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

KADEEM IRISH,

                        CASE NO.:

    Plaintiff,

vs.

GRNA HK OF FL LLC, d/b/a GORDON RAMSAY HELL's KITCHEN,

    Defendant.

_____/

## **COMPLAINT**

Plaintiff KADEEM IRISH through undersigned counsel, sues Defendant VS GRNA HK OF FL LLC, d/b/a GORDON RAMSAY HELL's KITCHEN, hereinafter ("GORDON RAMSAY HELL's KITCHEN"), and alleges as follows:

This is an action for unlawful disability discrimination in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), and 28 C.F.R. Part 36, and a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA") §501.211. Plaintiff is seeking injunctive relief, attorney's fees, declaratory judgment, monetary damages, costs, litigation expenses, and any other relief this Court finds just.

## **PARTIES AND VENUE**

1. Plaintiff is a resident of Miami-Dade County, Florida and is *sui juris*.

1

2. Plaintiff, is entirely blind, and is a visually impaired handicapped person. He is a member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and under 28 CFR §§ 36.101 *et seq*.

3. Plaintiff cannot navigate websites without screen-reading software which allows him to read website content using his computer. Plaintiff is not entirely blind. Many blind people have limited vision, while others have no vision at all. The terminology "blind" or "visually impaired" refers to the legal definition of blindness. This means a visual acuity with correction of less than or equal to 20 x 200.

4. Plaintiff uses a computer program called "JAWS," or Job Access With Speech, to communicate with company websites. The screen reading software uses auditory cues to allow a visually impaired user to effectively navigate websites. The screen reader will list several auditory cues to the user, which allows them to listen in turn and respond accordingly with their keyboard.

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purposes of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their respective and associated websites are in compliance with the ADA and any other applicable disability laws,

2

regulations, and ordinances.

6. Defendant GORDON RAMSAY HELL's KITCHEN is a FL LLC with its principal place of business located at 333 Biscayne Blvd. Way Miami, FL 33131. Their registered agent name and address is: CORPORATE CREATIONS NETWORK INC 801 US HIGHWAY 1 NORTH PALM BEACH, FL 33408.

7. Defendant was conducting business in this jurisdiction at the time of the incident. Defendant operates the https://www.gordonramsayrestaurants.com/en/us/ hereinafter ("Website" or "the Website"). On the Website, Defendant advertises, offers their products and/or services, and operates in Florida.

8. Defendant's Website, and its goods and/or services offered, are a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

9. Venue is proper in this jurisdiction because all actions, injuries, and damages happened in this County. Defendant does a substantial amount of business in this County. Venue is proper under where the cause of action accrued, which is in this County and meets the requirements of Fla. Stat. Ann. § 47.051. Plaintiff attempted to navigate the subject Website within this County.

3

## JURISDICTION

10. This Court has subject-matter jurisdiction over this action under Fla. Stat. Ann. § 26.012, as Plaintiff's claims are above $50,000/are equitable in nature. As the claims are equitable, under 26.012(2)(c) and 26.012(3) this court can hear this action. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202, as well as actual damages pursuant to §501.211.

11. Defendant is subject to personal jurisdiction in this county through Fla. Stat. Ann. § 48.193. Defendant has been and is committing the acts or omissions alleged herein in the state of Florida that caused injury and violated rights the ADA prescribes to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this County: Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered to the general public, on Defendant's Website in this County, as well as has dealt with unfair or deceptive acts or practices in the conduct of commerce.

12. These access barriers that Plaintiff encountered have caused a denial of Plaintiff's full and equal access and now deter Plaintiff on a regular basis from accessing the Defendant's Website in the future.

4

## FACTUAL BACKGROUND

13. Starting on January 3, 2026, Plaintiff attempted on a number of occasions to utilize the Website to browse through the differing reservation options and other online offers to educate himself and learn about the brick-and-mortar locations, to check store hours, to check pricing with the intent to make a reservation through the Website or in, from, and through the physical store location. Plaintiff was met with several accessibility errors that prevented him from being able to complete the reservation. Plaintiff was interested in the site both in his individual capacity as well as his role as an ADA tester in seeing if the website contained accessibility errors for him and similarly situated individuals. He still intends to re-visit the website once the accessibility errors are removed to make the reservation.

14. Plaintiff intended to book a reservation for Friday, January 23, 2026, for 2 people at 7 p.m. This restaurant is unique, having its own television show and world-renowned chef that owns it. Plaintiff would not be able to get this experience at another restaurant. Plaintiff tried several times to access Defendant's website to make this specific booking but was met with accessibility errors each time.

15. Defendant's website offers features which should allow all consumers

5

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

to access the goods and services offered by Defendant. This website forms a nexus between online services and the Defendant's brick and mortar place of public accommodation.

16. Plaintiff has been denied the full enjoyment of the facilities, goods and services of https://www.gordonramsayrestaurants.com/en/us/, ("The Website" or "Website") as well as deprived of the opportunity to enjoy the facilities, goods and services of Defendant's brick and mortar location, as a result of accessibility barriers on The Website.

17. Plaintiff encountered multiple access barriers that denied him full and equal access to the facilities, goods and services offered by Defendant to the public. Plaintiff was thus, among other things, unable to: learn about store location, hours and contact information, determine prices and other information from the Website.

18. Accessibility issues encountered by Plaintiff when visiting the Defendant`s website are the following (and not limited to):

    a. A fieldset element has been used to give a border to text.

    b. A video plays longer than 5 seconds, without a way to pause it.

    c. All fieldset elements should be labeled with legend elements.

    d. Alt text should not be an image file name.

6

19. Because the Website allows the public the ability to secure information about the locations of Defendant's physical locations, to use their goods or services made in and also available for purchase in, from, and through the physical locations, the Website has a nexus to, and is an extension of and gateway to, the goods, services, privileges, and advantages of Defendant's physical locations, which are places of public accommodation under the ADA. As an extension of and service, privilege, and advantage provided by a place of public accommodation as defined under the ADA, the Website is an extension of the services, privileges, and advantages made available to the general public by Defendant at and through its brick-and-mortar locations and businesses.

20. As the Website is a necessary service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA, it must not discriminate against individuals with visual disabilities, and also must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages afforded the non-visually disabled public both online and in the physical locations.

21. At all times material hereto, Defendant was and still is an organization owning, operating, and/or controlling the Website. Since the Website is

open to the public through the internet, by this nexus the Website is an intangible service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA, must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as are afforded the non-visually disabled public both online and in the physical locations. As such, Defendant has subjected itself and the Website to the requirements of the ADA.

22. Plaintiff is and/or has been a customer who is interested in patronizing and intends to access the Website in the near future once the Website's access barriers are removed or remedied.

23. For Plaintiff, like millions of other visually impaired and blind individuals, finds traveling outside of his home is often a difficult, hazardous, frightening, frustrating, and a confusing experience. Defendant has not provided its business information in any other digital format that is accessible for use by blind and visually disabled individuals using screen reader software.

24. The fact that Plaintiff could not communicate with or within the Website left him feeling isolated, frustrated, and humiliated, and gave him a sense

8

of segregation, as he is unable to participate in the same shopping experience, with the same access to the goods and services as provided at the Website and in the physical locations as the non-visually disabled public.

25. As there is a nexus between Defendant's physical location and the Website, and the fact that the Website clearly provides support for and is connected to Defendant's location for its operation and use, the Website is an intangible service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA. Therefore, is must not discriminate against individuals with disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as afforded the non-visually disabled public both online and in the physical locations, which are places of public accommodation subject to the requirements of the ADA.

26. Defendant has been aware of the need to provide full and equal access to all customers that use the Website.

27. Defendant has been aware of the barriers to effective communication within the Website that prevent visually impaired and blind individuals from comprehending information presented therein.

9

28. Defendant has not provided full and equal access to enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through the Website and the physical locations in contravention of the ADA.

29. Public accommodations under the ADA must ensure that their places of public accommodation provide effective communication for all members of the general public, including individuals with visual disabilities such as Plaintiff.

30. The purpose of the ADA is to provide an equal opportunity for individuals with disabilities to participate in all aspects of American civic and economic life. That mandate extends to internet e-commerce websites such as the Website at issue in the instant action.

31. The barriers that exist on the Website resulted in discriminatory and unequal treatment to individuals with visual disabilities, including Plaintiff.

32. Notice to Defendant is not required because of Defendant's failure to cure the violations.

33. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§2201 and 2202.

**COUNT I – VIOLATION OF THE ADA – 42 U.S.C. § 12182 *et seq.***

10

34. Plaintiff re-alleges paragraphs 1 through 33 as if set forth fully herein.

35. Pursuant to 42 U.S.C. §12181(7)(B), Defendant is a public accommodation under the ADA and thus is subject to the ADA.

36. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

37. Pursuant to 42 U.S.C. §12181(7)(B) and 42 U.S.C. § 12182(a), the Website is covered under the ADA because it provides the general public with the ability to locate and learn about Defendant's physical locations, to purchase services and goods that are made in and also available for purchase in, from, and through the physical locations. The Website thus is an extension of, gateway to, and intangible service, privilege, and advantage of Defendant's physical locations. Further, the Website serves to augment Defendant's physical locations by providing the public information about the locations and by educating the public as to Defendant's available products and

11

services sold through the Website and in, from, and through the physical locations.

38. Under Title III of the ADA, 42 U.S.C. §12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

39. Specifically, under Title III of the ADA, 42 U.S.C. §12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

40. In addition, under Title III of the ADA, 42 U.S.C. §12182(b)(2)(A)(III), unlawful discrimination includes, among other things, "a failure to take such steps, as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated

12

differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

41. Defendant's Website does not comply with the WCAG guidelines as cited in this Complaint. The World Wide Web Consortium, aka W3C, has published version 2.2 of the Web Content Accessibility Guidelines ("WCAG 2.2"). WCAG 2.2 are well-established guidelines for making websites accessible to blind and visually-impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure their websites are accessible.

42. Defendant's non-compliant Website denies blind and visually impaired individuals full and equal access to, and enjoyment of, the goods, information, and services that Defendant has made available to the public on the Website and in the physical locations in violation of 42 U.S.C. §12101, *et seq*, and as prohibited by 42 U.S.C. §12182, *et seq*.

43. Defendant has made insufficient material changes or improvements to the Website to enable its full and equal use and enjoyment by, and accessibility to, blind and visually disabled persons such as Plaintiff.

13

44. Violations may be present and on other pages of the Website, which can and will be determined and proven through the discovery process in this case.

45. There are readily available, well-established guidelines on the internet for making websites accessible to the blind and visually disabled. These guidelines have been followed by other large business entities in making their websites accessible. An example of such guidelines includes, but is not limited to, adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating such a basic component to make the Website accessible would neither fundamentally alter the nature of Defendant's business nor would it result in an undue burden to Defendant.

46. Defendant has and continues to violate the ADA by denying access to the Website by individuals such as Plaintiff with visual disabilities who require the assistance of screen reader software to comprehend and access internet websites. These violations within the Website are ongoing.

47. The ADA requires that public accommodations and places of public accommodation ensure that communication is effective.

48. According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services include "voice, text, and video-based telecommunications products and

14

systems". Indeed, 28 C.F.R. §36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

49. According to 28 C.F.R. §36.303(c), public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities: "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

50. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations, and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

51. As alleged hereinabove, the Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication and thus violates the ADA.

15

52. As a direct and proximate result of Defendant's failure to provide an ADA compliant Website, with a nexus to its brick-and-mortar locations, Plaintiff has suffered an injury in fact by being denied full and equal access to, enjoyment of, and communication with Defendant's Website and its physical locations.

53. Because of the inadequate development and administration of the Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303, to remedy the ongoing disability discrimination.

54. This Court is vested with the authority to grant Plaintiff appropriate and necessary injunctive relief.

55. Plaintiff is entitled to recover his reasonable attorney's fees, costs, and expenses pursuant to the ADA. To that end, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendant for the following relief:

a. A permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., and the laws of Florida;

b. A permanent injunction requiring Defendant to take all the steps necessary to make its website fully compliant with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c. A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, and the laws of Florida;

d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e. Such other and further relief as this Court deems just and proper.

## COUNT II
## Fla. Stat. § 501.211

56. Plaintiff re-alleges paragraphs 1 through 33 as if set forth fully herein.

57. Defendant has violated the Florida Deceptive and Unfair Trade Practices Act. ("FDUTPA"). The FDUTPA makes it unlawful to engage in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).

17

58. Additionally, "[C]overage [under FDUTPA] is 'extremely broad.'" *Harris v. Nordyne, LLC*, No. 14-CIV-21884-BLOOM/Valle, 2014 WL 12516076, at *6, 2014 U.S. Dist. LEXIS 189248 (S.D. Fla. Nov. 14, 2014). Trade or commerce is interpreted as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8). Further, this definition describes "the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity." *Id.* Moreover, FDUTPA applies to even a single deceptive or unfair act "involv[ing] only a single party, a single transaction, or a single contract." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003). "[A]nyone aggrieved by a violation of [FDUTPA] may bring an action to obtain a declaratory judgment that an act or practice violates [FDUTPA] and to enjoin a person who has violated, is violating, or is otherwise likely to violate [FDUTPA]." Fla. Stat. § 501.211(1).

59. FDUPTA practices are considered unfair if they offend established public policy, are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *Marrache v. Bacardi U.S.A., Inc.*,

18

17 F.4th 1084, 1098 (11th Cir. 2021). "Whether particular conduct constitutes...an unfair or deceptive trade practice [under FDUTPA] is a question of fact" for the jury. *Siever v. BWGaskets, Inc.*, 669 F. Supp. 2d 1286, 1293 (M.D. Fla. 2009).

60. Defendant is operating a website that prevents the visually impaired from receiving the same experience as sighted individuals. This is an unfair business practice as it is the selling of a good or service, advertising, soliciting, offering, distributing, in a way that does not allow visually impaired individuals to receive the same offers, values, and experience as sighted individuals.

61. Under Fla. Stat. Ann. § 501.21(1), " [. . .] anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment [ . . .]. Additionally, under Fla. Stat. Ann. § 501.21(2), one "may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105."

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

a. A declaration that Defendant owns, maintains and/or operates its Website in a manner that engages in an unlawful business practice;

19

  b. A permanent injunction to prohibit Defendant from violating the FDUPTA;

  c. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

  d. Such other and further relief as this Court deems just and proper.

**COUNT III**
**DECLARATORY RELIEF**

62. Plaintiff repeats the allegations contained in the above as if set forth herein.

63. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that its website contains access barriers denying blind customers the full and equal access to the products, services and facilities of its website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq.

64. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

20

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

a.  A permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., and the laws of Florida;

b.  A permanent injunction requiring Defendant to take all the steps necessary to make its website fully compliant with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c.  A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, and the laws of Florida;

d.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e.  Such other and further relief as this Court deems just and proper.

21

Dated: January 18, 2026

**F&S LAW GROUP**
**Counsel for Plaintiff**
**/s/ *Andrew Schertzer***
By: Andrew Schertzer, Esq.
Fla. Bar No.: 1044359
712 S. Howard Ave #205
Tampa, FL 33606
248-513-1017
Email: aschertzer@fslawpllc.com

22

Filing # 241305221 E-Filed 02/09/2026 01:00:10 PM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. <br> ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION** <br> ☒ CIVIL <br> ☐ DISTRICTS <br> ☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE** <br> **(a) GENERAL FORMS** | CASE NUMBER: <br> 2026-001013-CA-01 |
| **PLAINTIFF:** <br><br> KADEEM IRISH | **VS.** <br><br> **DEFENDANT(S)** GRNA HK OF FL LLC, d/ <br><br> b/a GORDON RAMSAY HELL's KITCHEN | **SERVICE** |

**THE STATE OF FLORIDA:** To Each Sheriff of the State:

     **YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on Defendant: GRNA HK OF FL LLC, d/b/a GORDON RAMSAY HELL's KITCHEN

     at 801 US HIGHWAY 1 NORTH PALM BEACH, FL 33408.

    Each defendant is required to serve written defense to the complaint

Plaintiff's Attorney  Andrew Schertzer

whose address is:  712 S. Howard Ave #205 tampa, FL 33606

**CLOCK IN**

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **JUAN FERNANDEZ-BARQUIN** <br> **CLERK OF THE COURT AND COMPTROLLER** <br> **MIAMI-DADE COUNTY** <br> **CIRCUIT AND COUNTY COURTS** | BY:_____ <br> DEPUTY CLERK | DATE <br><br> 2/10/2026 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314  Rev. 06/23                                      Clerk's web address: www.miamidadeclerk.gov

Filing # 241305221 E-Filed 02/09/2026 01:00:10 PM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION** ☒ CIVIL ☐ DISTRICTS ☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE** **(a) GENERAL FORMS** | CASE NUMBER: 2026-001013-CA-01 |
| **PLAINTIFF:** KADEEM IRISH | **VS.** **DEFENDANT(S)** GRNA HK OF FL LLC, d/ b/a GORDON RAMSAY HELL's KITCHEN | **SERVICE** |

**THE STATE OF FLORIDA:** To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on Defendant: GRNA HK OF FL LLC, d/b/a GORDON RAMSAY HELL's KITCHEN

at 801 US HIGHWAY 1 NORTH PALM BEACH, FL 33408.

Each defendant is required to serve written defense to the complaint

Plaintiff's Attorney  Andrew Schertzer

whose address is:  712 S. Howard Ave #205 tampa, FL 33606

**CLOCK IN**

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **JUAN FERNANDEZ-BARQUIN** **CLERK OF THE COURT AND COMPTROLLER** **MIAMI-DADE COUNTY** **CIRCUIT AND COUNTY COURTS** | BY:_____ DEPUTY CLERK | DATE |
|---|---|---|

# AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314  Rev. 06/23                                          Clerk's web address: www.miamidadeclerk.gov

# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

GRNA HK of FL LLC                                                February 20, 2026
Main Contact
P.O. Box 165165
Irving TX 75016
United States

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).   **ALL information should be verified by you.**

Item: 2026-4G

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | Entity Served:<br>Entity Served If Different: | GRNA HK of FL LLC<br>GRNA HK Of FL LLC, d/b/a Gordon Ramsey Hell's Kitchen |
|---|---|---|
| 2. | Title of Action: | Kadeem Irish vs. GRNA HK Of FL LLC, d/b/a Gordon Ramsay Hell's Kitchen |
| 3. | Document(s) Served: | Summons 20 Day Corporate Service<br>Complaint |
| 4. | Court/Agency: | Miami-Dade County 11th Judicial Circuit Court |
| 5. | State Served: | Florida |
| 6. | Case Number: | 2026-001013-CA-01 |
| 7. | Case Type: | Americans with Disabilities Act (ADA) |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Wednesday 02/18/2026 |
| 10. | Date to Client: | Friday 02/20/2026 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 20<br>Tuesday 03/10/2026 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Andrew Schertzer, Esq.<br>Tampa, FL<br>248-513-1017 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 101 |
| 16. | Notes: | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION** ☒ CIVIL ☐ DISTRICTS ☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE** (a) GENERAL FORMS | CASE NUMBER: 2026-001013-CA-01 |
| **PLAINTIFF:** KADEEM IRISH | **VS.** **DEFENDANT(S)** GRNA HK OF FL LLC, d/ b/a GORDON RAMSAY HELL's KITCHEN | **SERVICE** |

THE STATE OF FLORIDA:To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on Defendant: GRNA HK OF FL LLC, d/b/a GORDON RAMSAY HELL's KITCHEN

at 801 US HIGHWAY 1 NORTH PALM BEACH, FL 33408.

Each defendant is required to serve written defense to the complaint

Plaintiff's Attorney  Andrew Schertzer

whose address is:  712 S. Howard Ave #205 tampa, FL 33606

2/18/26
10:25A
Covid, B

**CLOCK IN**

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| JUAN FERNANDEZ-BARQUIN CLERK OF THE COURT AND COMPTROLLER MIAMI-DADE COUNTY CIRCUIT AND COUNTY COURTS | BY:_____ DEPUTY CLERK | DATE 2/10/2026 |
|---|---|---|

# AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 06/23                                      Clerk's web address: www.miamidadeclerk.gov

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

KADEEM IRISH,

CASE NO.:

    Plaintiff,

vs.

GRNA HK OF FL LLC, d/b/a GORDON RAMSAY HELL's KITCHEN,

    Defendant.

_____/

## COMPLAINT

Plaintiff KADEEM IRISH through undersigned counsel, sues Defendant VS GRNA HK OF FL LLC, d/b/a GORDON RAMSAY HELL's KITCHEN, hereinafter ("GORDON RAMSAY HELL's KITCHEN"), and alleges as follows:

This is an action for unlawful disability discrimination in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), and 28 C.F.R. Part 36, and a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA") §501.211. Plaintiff is seeking injunctive relief, attorney's fees, declaratory judgment, monetary damages, costs, litigation expenses, and any other relief this Court finds just.

## PARTIES AND VENUE

1. Plaintiff is a resident of Miami-Dade County, Florida and is *sui juris*.

1

2. Plaintiff, is entirely blind, and is a visually impaired handicapped person. He is a member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and under 28 CFR §§ 36.101 *et seq.*

3. Plaintiff cannot navigate websites without screen-reading software which allows him to read website content using his computer. Plaintiff is not entirely blind. Many blind people have limited vision, while others have no vision at all. The terminology "blind" or "visually impaired" refers to the legal definition of blindness. This means a visual acuity with correction of less than or equal to 20 x 200.

4. Plaintiff uses a computer program called "JAWS," or Job Access With Speech, to communicate with company websites. The screen reading software uses auditory cues to allow a visually impaired user to effectively navigate websites. The screen reader will list several auditory cues to the user, which allows them to listen in turn and respond accordingly with their keyboard.

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purposes of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their respective and associated websites are in compliance with the ADA and any other applicable disability laws,

2

regulations, and ordinances.

6. Defendant GORDON RAMSAY HELL's KITCHEN is a FL LLC with its principal place of business located at 333 Biscayne Blvd. Way Miami, FL 33131. Their registered agent name and address is: CORPORATE CREATIONS NETWORK INC 801 US HIGHWAY 1 NORTH PALM BEACH, FL 33408.

7. Defendant was conducting business in this jurisdiction at the time of the incident. Defendant operates the https://www.gordonramsayrestaurants.com/en/us/ hereinafter ("Website" or "the Website"). On the Website, Defendant advertises, offers their products and/or services, and operates in Florida.

8. Defendant's Website, and its goods and/or services offered, are a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

9. Venue is proper in this jurisdiction because all actions, injuries, and damages happened in this County. Defendant does a substantial amount of business in this County. Venue is proper under where the cause of action accrued, which is in this County and meets the requirements of Fla. Stat. Ann. § 47.051. Plaintiff attempted to navigate the subject Website within this County.

3

## JURISDICTION

10. This Court has subject-matter jurisdiction over this action under Fla. Stat. Ann. § 26.012, as Plaintiff's claims are above $50,000/are equitable in nature. As the claims are equitable, under 26.012(2)(c) and 26.012(3) this court can hear this action. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202, as well as actual damages pursuant to §501.211.

11. Defendant is subject to personal jurisdiction in this county through Fla. Stat. Ann. § 48.193. Defendant has been and is committing the acts or omissions alleged herein in the state of Florida that caused injury and violated rights the ADA prescribes to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this County: Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered to the general public, on Defendant's Website in this County, as well as has dealt with unfair or deceptive acts or practices in the conduct of commerce.

12. These access barriers that Plaintiff encountered have caused a denial of Plaintiff's full and equal access and now deter Plaintiff on a regular basis from accessing the Defendant's Website in the future.

4

## FACTUAL BACKGROUND

13. Starting on January 3, 2026, Plaintiff attempted on a number of occasions to utilize the Website to browse through the differing reservation options and other online offers to educate himself and learn about the brick-and-mortar locations, to check store hours, to check pricing with the intent to make a reservation through the Website or in, from, and through the physical store location. Plaintiff was met with several accessibility errors that prevented him from being able to complete the reservation. Plaintiff was interested in the site both in his individual capacity as well as his role as an ADA tester in seeing if the website contained accessibility errors for him and similarly situated individuals. He still intends to re-visit the website once the accessibility errors are removed to make the reservation.

14. Plaintiff intended to book a reservation for Friday, January 23, 2026, for 2 people at 7 p.m. This restaurant is unique, having its own television show and world-renowned chef that owns it. Plaintiff would not be able to get this experience at another restaurant. Plaintiff tried several times to access Defendant's website to make this specific booking but was met with accessibility errors each time.

15. Defendant's website offers features which should allow all consumers

5

to access the goods and services offered by Defendant. This website forms a nexus between online services and the Defendant's brick and mortar place of public accommodation.

16. Plaintiff has been denied the full enjoyment of the facilities, goods and services of https://www.gordonramsayrestaurants.com/en/us/, ("The Website" or "Website") as well as deprived of the opportunity to enjoy the facilities, goods and services of Defendant's brick and mortar location, as a result of accessibility barriers on The Website.

17. Plaintiff encountered multiple access barriers that denied him full and equal access to the facilities, goods and services offered by Defendant to the public. Plaintiff was thus, among other things, unable to: learn about store location, hours and contact information, determine prices and other information from the Website.

18. Accessibility issues encountered by Plaintiff when visiting the Defendant's website are the following (and not limited to):

    a. A fieldset element has been used to give a border to text.

    b. A video plays longer than 5 seconds, without a way to pause it.

    c. All fieldset elements should be labeled with legend elements.

    d. Alt text should not be an image file name.

19. Because the Website allows the public the ability to secure information about the locations of Defendant's physical locations, to use their goods or services made in and also available for purchase in, from, and through the physical locations, the Website has a nexus to, and is an extension of and gateway to, the goods, services, privileges, and advantages of Defendant's physical locations, which are places of public accommodation under the ADA. As an extension of and service, privilege, and advantage provided by a place of public accommodation as defined under the ADA, the Website is an extension of the services, privileges, and advantages made available to the general public by Defendant at and through its brick-and-mortar locations and businesses.

20. As the Website is a necessary service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA, it must not discriminate against individuals with visual disabilities, and also must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages afforded the non-visually disabled public both online and in the physical locations.

21. At all times material hereto, Defendant was and still is an organization owning, operating, and/or controlling the Website. Since the Website is

7

open to the public through the internet, by this nexus the Website is an intangible service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA, must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as are afforded the non-visually disabled public both online and in the physical locations. As such, Defendant has subjected itself and the Website to the requirements of the ADA.

22. Plaintiff is and/or has been a customer who is interested in patronizing and intends to access the Website in the near future once the Website's access barriers are removed or remedied.

23. For Plaintiff, like millions of other visually impaired and blind individuals, finds traveling outside of his home is often a difficult, hazardous, frightening, frustrating, and a confusing experience. Defendant has not provided its business information in any other digital format that is accessible for use by blind and visually disabled individuals using screen reader software.

24. The fact that Plaintiff could not communicate with or within the Website left him feeling isolated, frustrated, and humiliated, and gave him a sense

8

of segregation, as he is unable to participate in the same shopping experience, with the same access to the goods and services as provided at the Website and in the physical locations as the non-visually disabled public.

25. As there is a nexus between Defendant's physical location and the Website, and the fact that the Website clearly provides support for and is connected to Defendant's location for its operation and use, the Website is an intangible service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA. Therefore, is must not discriminate against individuals with disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as afforded the non-visually disabled public both online and in the physical locations, which are places of public accommodation subject to the requirements of the ADA.

26. Defendant has been aware of the need to provide full and equal access to all customers that use the Website.

27. Defendant has been aware of the barriers to effective communication within the Website that prevent visually impaired and blind individuals from comprehending information presented therein.

9

28. Defendant has not provided full and equal access to enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through the Website and the physical locations in contravention of the ADA.

29. Public accommodations under the ADA must ensure that their places of public accommodation provide effective communication for all members of the general public, including individuals with visual disabilities such as Plaintiff.

30. The purpose of the ADA is to provide an equal opportunity for individuals with disabilities to participate in all aspects of American civic and economic life. That mandate extends to internet e-commerce websites such as the Website at issue in the instant action.

31. The barriers that exist on the Website resulted in discriminatory and unequal treatment to individuals with visual disabilities, including Plaintiff.

32. Notice to Defendant is not required because of Defendant's failure to cure the violations.

33. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§2201 and 2202.

## COUNT I – VIOLATION OF THE ADA – 42 U.S.C. § 12182 *et seq.*

10

34. Plaintiff re-alleges paragraphs 1 through 33 as if set forth fully herein.

35. Pursuant to 42 U.S.C. §12181(7)(B), Defendant is a public accommodation under the ADA and thus is subject to the ADA.

36. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

37. Pursuant to 42 U.S.C. §12181(7)(B) and 42 U.S.C. § 12182(a), the Website is covered under the ADA because it provides the general public with the ability to locate and learn about Defendant's physical locations, to purchase services and goods that are made in and also available for purchase in, from, and through the physical locations. The Website thus is an extension of, gateway to, and intangible service, privilege, and advantage of Defendant's physical locations. Further, the Website serves to augment Defendant's physical locations by providing the public information about the locations and by educating the public as to Defendant's available products and

11

services sold through the Website and in, from, and through the physical locations.

38. Under Title III of the ADA, 42 U.S.C. §12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

39. Specifically, under Title III of the ADA, 42 U.S.C. §12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

40. In addition, under Title III of the ADA, 42 U.S.C. §12182(b)(2)(A)(III), unlawful discrimination includes, among other things, "a failure to take such steps, as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated

12

differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

41. Defendant's Website does not comply with the WCAG guidelines as cited in this Complaint. The World Wide Web Consortium, aka W3C, has published version 2.2 of the Web Content Accessibility Guidelines ("WCAG 2.2"). WCAG 2.2 are well-established guidelines for making websites accessible to blind and visually-impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure their websites are accessible.

42. Defendant's non-compliant Website denies blind and visually impaired individuals full and equal access to, and enjoyment of, the goods, information, and services that Defendant has made available to the public on the Website and in the physical locations in violation of 42 U.S.C. §12101, *et seq*, and as prohibited by 42 U.S.C. §12182, *et seq*.

43. Defendant has made insufficient material changes or improvements to the Website to enable its full and equal use and enjoyment by, and accessibility to, blind and visually disabled persons such as Plaintiff.

13

44. Violations may be present and on other pages of the Website, which can and will be determined and proven through the discovery process in this case.

45. There are readily available, well-established guidelines on the internet for making websites accessible to the blind and visually disabled. These guidelines have been followed by other large business entities in making their websites accessible. An example of such guidelines includes, but is not limited to, adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating such a basic component to make the Website accessible would neither fundamentally alter the nature of Defendant's business nor would it result in an undue burden to Defendant.

46. Defendant has and continues to violate the ADA by denying access to the Website by individuals such as Plaintiff with visual disabilities who require the assistance of screen reader software to comprehend and access internet websites. These violations within the Website are ongoing.

47. The ADA requires that public accommodations and places of public accommodation ensure that communication is effective.

48. According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services include "voice, text, and video-based telecommunications products and

14

systems". Indeed, 28 C.F.R. §36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

49. According to 28 C.F.R. §36.303(c), public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities: "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

50. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations, and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

51. As alleged hereinabove, the Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication and thus violates the ADA.

52. As a direct and proximate result of Defendant's failure to provide an ADA compliant Website, with a nexus to its brick-and-mortar locations, Plaintiff has suffered an injury in fact by being denied full and equal access to, enjoyment of, and communication with Defendant's Website and its physical locations.

53. Because of the inadequate development and administration of the Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303, to remedy the ongoing disability discrimination.

54. This Court is vested with the authority to grant Plaintiff appropriate and necessary injunctive relief.

55. Plaintiff is entitled to recover his reasonable attorney's fees, costs, and expenses pursuant to the ADA. To that end, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendant for the following relief:

   a.  A permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., and the laws of Florida;

16

b. A permanent injunction requiring Defendant to take all the steps necessary to make its website fully compliant with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c. A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, and the laws of Florida;

d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e. Such other and further relief as this Court deems just and proper.

## COUNT II
## Fla. Stat. § 501.211

56. Plaintiff re-alleges paragraphs 1 through 33 as if set forth fully herein.

57. Defendant has violated the Florida Deceptive and Unfair Trade Practices Act. ("FDUTPA"). The FDUTPA makes it unlawful to engage in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).

17

58. Additionally, "[C]overage [under FDUTPA] is 'extremely broad.'" *Harris v. Nordyne, LLC*, No. 14-CIV-21884-BLOOM/Valle, 2014 WL 12516076, at *6, 2014 U.S. Dist. LEXIS 189248 (S.D. Fla. Nov. 14, 2014). Trade or commerce is interpreted as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8). Further, this definition describes "the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity." *Id.* Moreover, FDUTPA applies to even a single deceptive or unfair act "involv[ing] only a single party, a single transaction, or a single contract." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003). "[A]nyone aggrieved by a violation of [FDUTPA] may bring an action to obtain a declaratory judgment that an act or practice violates [FDUTPA] and to enjoin a person who has violated, is violating, or is otherwise likely to violate [FDUTPA]." Fla. Stat. § 501.211(1).

59. FDUPTA practices are considered unfair if they offend established public policy, are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *Marrache v. Bacardi U.S.A., Inc.*,

18

17 F.4th 1084, 1098 (11th Cir. 2021). "Whether particular conduct constitutes...an unfair or deceptive trade practice [under FDUTPA] is a question of fact" for the jury. *Siever v. BW Gaskets, Inc.*, 669 F. Supp. 2d 1286, 1293 (M.D. Fla. 2009).

60. Defendant is operating a website that prevents the visually impaired from receiving the same experience as sighted individuals. This is an unfair business practice as it is the selling of a good or service, advertising, soliciting, offering, distributing, in a way that does not allow visually impaired individuals to receive the same offers, values, and experience as sighted individuals.

61. Under Fla. Stat. Ann. § 501.21(1), " [. . .] anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment [ . . .]. Additionally, under Fla. Stat. Ann. § 501.21(2), one "may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105."

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

    a. A declaration that Defendant owns, maintains and/or operates its Website in a manner that engages in an unlawful business practice;

19

b.  A permanent injunction to prohibit Defendant from violating the FDUPTA;

c.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

d.  Such other and further relief as this Court deems just and proper.

## COUNT III
## DECLARATORY RELIEF

62. Plaintiff repeats the allegations contained in the above as if set forth herein.

63. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that its website contains access barriers denying blind customers the full and equal access to the products, services and facilities of its website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq.

64. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

a. A permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., and the laws of Florida;

b. A permanent injunction requiring Defendant to take all the steps necessary to make its website fully compliant with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c. A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, and the laws of Florida;

d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e. Such other and further relief as this Court deems just and proper.

21

Dated: January 18, 2026

**F&S LAW GROUP**
**Counsel for Plaintiff**
**/s/ *Andrew Schertzer***
By: Andrew Schertzer, Esq.
Fla. Bar No.: 1044359
712 S. Howard Ave #205
Tampa, FL 33606
248-513-1017
Email: aschertzer@fslawpllc.com

22

FEB 1 8 2026

Filing # 243491147 E-Filed 03/10/2026 04:31:11 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION**

**KADEEM IRISH**

      **Plaintiff,**

**v.**                                 **Case No.: 2026-001013-CA-01**

**GRNA HK OF FL LLC, d/b/a
GORDON RAMSAY HELL'S KITCHEN,**

      **Defendant.**

_____/

**DEFENDANT'S UNOPPOSED MOTION
FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Defendant, GRNA HK OF FL LLC, d/b/a GORDON RAMSAY HELL'S KITCHEN

("Defendant"), by and through its undersigned counsel, hereby moves without opposition for an

extension of time in which to respond to the Complaint filed by Plaintiff, KADEEM IRISH

("Plaintiff"). In support thereof, Defendant states the following:

1. Plaintiff filed a Complaint initiating the instant litigation on January 18, 2026.

2. Defendant was served with the Complaint on February 18, 2026.

3. Defendant's response to the Complaint is currently due on March 10, 2026.

4. The undersigned counsel has been recently retained by Defendant and requires

additional time to analyze the Complaint and respond to same.

5. Accordingly, Defendant requests a 30-day extension of time in which to respond to

the Complaint, to on or before April 9, 2026.

6. As discussed above, good cause exists for the requested extension.

7. Counsel for Defendant has conferred with counsel for Plaintiff, and counsel for

Plaintiff has advised that Plaintiff does not oppose this extension.

8.      This motion is made in good faith and is not interposed for the purpose of delay.

9.      The requested extension will not unduly delay these proceedings or cause prejudice to the parties.

10.      No party will be unfairly prejudiced by the requested extension, nor will the case be unduly delayed.

WHEREFORE, Defendant, GRNA HK OF FL LLC, d/b/a GORDON RAMSAY HELL'S KITCHEN, respectfully requests an extension of time, up to and including Thursday, April 9, 2026, in which to file Defendant's responsive pleading in this matter.

Dated this 10th day of March, 2026.      Respectfully submitted,

*/s/ Gretchen M. Lehman*
Gretchen M. Lehman
Florida Bar No. 046365
gretchen.lehman@ogletree.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Telephone: 813.289.1247
Facsimile: 813.289.6530
*Attorneys for Defendant*

2

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on March 10, 2026, I filed the foregoing with the Court using

the Florida Courts E-Filing System, and that a true and correct copy was served via e-mail to:

Andrew Schertzer, Esq.
F&S LAW GROUP
712 South Howard Avenue, Suite 205
Tampa, FL 33606
aschertzer@fslawpllc.com
*Attorney for Plaintiff*

*/s/ Gretchen M. Lehman*
Attorney

3

Filing # 244220102 E-Filed 03/19/2026 10:00:34 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: <u>2026-001013-CA-01</u>
SECTION: <u>CA11</u>
JUDGE: <u>Spencer Eig</u>

**KADEEM IRISH**

Plaintiff(s)

vs.

**GRNA HK OF FL LLC**

Defendant(s)

_____/

**CASE MANAGEMENT ORDER**
**(GENERAL PATHWAY)**

      **THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Florida Rule of Civil Procedure 1.200, as well as Florida Rule of General Practice and Judicial Administration 2.545, the Court has established Case Management Deadlines, and it is hereby:

      **ORDERED** that:

1. The parties must strictly comply with the deadlines established in this order, which will be strictly enforced unless changed by Court order. Parties should expect that the case will be tried during the projected trial period specified, without continuances. The parties cannot agree to extend the deadlines except as specified in Florida Rule of Civil Procedure 1.200(e), and cannot agree to waive any portion of the provisions of this order. Failing to request an extension of service or effectuate service of process by the deadlines set forth in this order may result in dismissal pursuant to Rule 1.070(j).

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties must comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice, and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **The parties must strictly comply with these Case Management Deadlines unless changed by Court order** | |
| **Deadline for Service of Complaint:** | **05-18-2026** |

| | |
|---|---|
| **Deadline for Service Under Extensions:** | **07-17-2026** |
| **Deadline for Rule 1.280(a) Initial Discovery Disclosures:** | **07-17-2026** |
| **Deadline for Filing and Resolution of All Objections to Pleadings:** | **07-17-2026** |
| **Deadline for Filing and Resolution of All Pretrial Motions:** | **07-17-2026** |
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | **08-06-2026** |
| **Deadline for Initial Scheduling and Setting Depositions:** | **08-06-2026** |
| **Deadline for Adding Parties:** | **08-21-2026** |
| **Deadline for Witness and Exhibit List:** | **09-05-2026** |
| **Deadline for Inspections/Examinations:** | **09-05-2026** |
| **Deadline for Fact Discovery Completion (Including Depositions):** | **09-25-2026** |
| **Deadline for Expert Disclosure:** | **10-05-2026** |
| **Deadline for Expert Discovery Completion:** | **11-19-2026** |
| **Deadline for Filing and Service of Motions for Summary Judgment:** | **12-14-2026** |
| **Deadline for Dispositive Motions:** | **12-14-2026** |
| **Deadline for Resolution of all Pretrial Motions (Motions in Limine and Daubert) and Jury Instructions:** | **12-14-2026** |
| **Deadline for ADR/Mediation:** | **12-14-2026** |
| **Projected Trial Date:** | **03-14-2027** |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**: In accordance with Florida Rule of Civil Procedure 1.202(a), before filing a non-dispositive motion, except for those motions exempted by Rule 1.202(c), the movant must confer with the opposing party in a good-faith effort to resolve the issues raised in the motion. If the parties are represented by counsel, such conferral must be between counsel, not through staff. "Good faith" includes being professional and temperate in communications, returning phone calls and emails in a timely manner, and not setting unreasonable deadlines for responses. The movant must file a certificate of conferral substantially in the form provided by Florida Rule of Civil Procedure 1.202(b), either certifying that conferral occurred or certifying that conferral is not required under Rule 1.202. Failure to comply with the requirements of Rule 1.202 may result in an appropriate sanction, including denial of a motion without prejudice. The purposeful evasion of

communication under Rule 1.202 may result in an appropriate sanction.

2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing, and motions that do not require a hearing pursuant to the rules, may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions must be submitted via courtMAP with supporting documents and may not be placed on motion calendar.

4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. A motion for protective order does not automatically stay the deposition and the deposition will proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**: Any motion to extend a deadline, amend a case management order, or alter a projected trial period must specify:

   A. the basis of the need for the extension, including when the basis became known to the movant;

   B. whether the motion is opposed;

   C. the specific date to which the movant is requesting the deadline or projected trial period be extended, and whether that date is agreed by all parties; and

   D. the action and specific dates for the action that will enable the movant to meet the proposed new deadline or projected trial period, including, but not limited to, confirming the specific date any required participants such as third-party witnesses or experts are available.

   If extending an individual case management deadline may affect a subsequent deadline in the case management order, parties must seek an amendment of the case management order, rather than submitting a motion for extension of an individual deadline.

   The Court may rule upon submission of a motion for extension of time without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed and set within the time set forth in the case management order.  Parties wishing to pursue a dispositive motion should target the essential discovery promptly.

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of

pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

### Discovery

8. **Initial Discovery Disclosure**: Except as exempted by Florida Rule of Civil Procedure 1.280(a)(2) or as otherwise ordered by the Court, a party must, without awaiting a discovery request, within 60 days after the service of the complaint provide to the other parties the following initial discovery disclosures unless privileged or protected from disclosure:

   A. the name and, if known, the address, telephone number, and e-mail address of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

   B. a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control (or, if not in the disclosing party's possession, custody, or control, a description by category and location of such information) and may use to support its claims or defenses, unless the use would be solely for impeachment;

   C. a computation for each category of damages claimed by the disclosing party and a copy of the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; provided that a party is not required to provide computations as to noneconomic damages, but the party must identify categories of damages claimed and provide supporting documents; and

   D. a copy of any insurance policy or agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

If a party fails to make a disclosure required by rule 1.280(a), any other party may move to compel disclosure and for appropriate sanctions.

9. **Written Discovery must be propounded promptly**:

   a. **Scope of Discovery**:  Parties may obtain discovery in accordance with Florida Rule of Civil Procedure 1.280(c)(1).

   b. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections constitutes a waiver. Parties must comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   c. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party must immediately (within 48 hours)

provide three alternative dates and times that the documents are available for inspection and copying. All of the dates must be within ten (10) days. Failure to provide the dates and times constitutes a failure to respond to discovery. Review must occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

d. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Florida Rule of Civil Procedure 1.280(c)(6).

Failure to timely provide the privilege log may result in the waiver of the privilege. This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the Court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

e. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Florida Rule of Civil Procedure 1.390(a) to be called at trial and all information regarding expert testimony that is required by Florida Rule of Civil Procedure 1.280(c)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

10. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case. Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time. Refer to Paragraph 4 above regarding motions for protective order.

11. **Duty to Supplement and Correct**: A party who has made a disclosure or who has responded to an interrogatory, a request for production, or a request for admission must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

## **Witness and Exhibits Lists**

12. **Witness and Exhibit Lists**: The parties must timely exchange their witness and exhibit lists. The lists must include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

### Mediation

13. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate does not constitute just cause for a trial continuance.

### Setting Trial

14. **Trial Order**: At least 45 days before the projected trial period set forth in the case management order the Court will issue a trial order fixing the trial period. Should the Court fail to issue a trial order at least 45 days prior to the projected trial period, Plaintiff must notify the Court to schedule a case management conference.

15. **Motions to Continue Trial**: Motions to continue trial are disfavored and will rarely be granted, and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case. Motions for continuance based on parental leave are governed by Florida Rule of General Practice and Judicial Administration 2.570. A motion to continue trial must be in writing unless made at a trial and, except for good cause shown, must be signed by the named party requesting the continuance.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 19<u>th</u> <u>day of March,</u> <u>2026</u>.

2026-001013-CA-01 03-19-2026 10:00 PM

<u>2026-001013-CA-01 03-19-2026 10:00 PM</u>
Hon. Spencer Eig

**CIRCUIT COURT JUDGE**
Electronically Signed

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

**Electronically Served:**

- Andrew james schertzer: schertzer.andrew@yahoo.com
- Gretchen Lehman: gretchen.lehman@ogletreedeakins.com
- Gretchen Lehman: elba.chinea@ogletreedeakins.com
- Gretchen Lehman: TAMDocketing@ogletree.com